REDMANN, Judge.
Defendant appeals from a judgment in a suit on his promissory note. Plaintiff holder is the president of the corporation to which the bearer note was issued.
Defendant and the corporation entered certain “joint venture” agreements, under which defendant advanced cash for four-family dwelling constructions by the corporation (for whom on these and other construction jobs defendant did plumbing), and defendant was to share equally in profits or losses.
Some time thereafter the corporation transferred to defendant five buildings (none of the joint venture properties) *821 which the parties valued,.net of assumed loans, at $29,990.43 and defendant (1) treated as paid (and subsequently marked paid) $12,776.00 of plumbing bills; (2) was given credit for double his “joint venture” investment, the credit amounting (less earlier payments to him, with one other item) to $10,400; and (3) issued to the corporation the $6,814.43 note here sued on.
Defendant contends that as part of the overall arrangements the parties verbally agreed that the allowance of 100% profit on his joint venture investment was “a starter” only; that the 100% was a minimum and the final profit was to be determined by an accounting in five months, at which time the note would mature but would be reduced by the corrected profit increase. Defendant argued (but did not prove) that the profits would extinguish the note.
The promissory note is a promise to pay. It is an enforceable promise, although subject, La.R.S. 7:28, (except in the hands of a holder in due course) to the defenses of want or failure of consideration.
Defendant does not claim want of consideration; and we point out that he bargained for and obtained five buildings for, among other things, his note. Defendant argues his is a case of failure of consideration because of the corporation’s failure to account. Yet defendant did not promise $6,814.43 in exchange for a promise of an accounting. We cannot characterize the issuance of the note as for any consideration other than the five buildings which were in fact transferred to defendant. And defendant has not been evicted from those buildings. There was neither want nor failure of consideration.
Defendant’s argument may be characterized as asserting a collateral agreement for extinction of the note pro tanto by compensation from the balance to be shown due him by the accounting due at the note’s maturity. Or it -may be characterized as an implied request for reformation of the note to alter its amount and maturity to make both dependent on an accounting by the first holder.
In any case, defendant relies on factual circumstances of the agreement which, because an affirmative defense, it was his burden to prove. His proof did not satisfy the trial judge. Since defendant issued a bearer note, payable at a definite maturity with interest from maturity and attorney’s fees on default, we cannot disagree with the trial court’s factual conclusion.
However, as a matter of law plaintiff cannot recover the 10% yearly interest the note provides. The note is not “directly” secured by mortgage or vendor’s privilege (the sales do not even reflect this credit portion of the price, also precluding rescission). Nor is it secured by pledge of a collateral mortgage note or otherwise “indirectly” by a mortgage on immovable property. Thus it is not within R.S. 9:3503’s exceptional allowance of up to 10% interest. It is on its face usurious because C.C. art. 2924 limits ordinary conventional interest to 8%. The result is forfeiture of all interest; R.S. 9:3501; Thrift Funds of Baton Rouge v. Jones, La.1973, 274 So.2d 150; Budget Plan of Baton Rouge v. Talbert, La.1973, 276 So.2d 297.
The judgment is amended to exclude interest and is otherwise affirmed.